# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 06-cv-01432-LTB-BNB**

PETER B. DUNN,

Plaintiff,

v.

LOUISVILLE LADDER GROUP LLC, a Delaware limited liability company,

Defendant.

_____

## PROTECTIVE ORDER
_____

THIS MATTER comes before the Court on the Unopposed Motion of Defendant Louisville Ladder Group LLC for Entry of Protective Order. Having reviewed this Motion, the law and being otherwise fully advised in the premises, the Court hereby grants the Motion and orders as follows:

1.      Each party shall mark all documents subject to this Protective Order as "Confidential." **Information designated by a party as "Confidential" must first be reviewed by a lawyer and the designation as "Confidential" must be "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed. R. Civ. P. 26(c)(7)**. The documents and information contained therein shall be used, shown and disclosed only as provided in this Protective Order. The term "Confidential" as used in this Protective Order shall be construed to include all of the information contained in each document so marked.

2.      Confidential documents and information shall be made available only to "Qualified Persons."  The term "Qualified Persons" means the Court and its officers, the

parties, counsel of record, independent experts and consultants, and those clerical employees assisting each counsel, independent expert, and consultant.  No person shall have access to confidential documents or information unless they are a "Qualified Person."  No person who gains access to such confidential documents or information may disclose their contents or the information contained therein to any person other than a "Qualified Person."

3. Confidential documents and information may be disclosed and used solely for the purpose of this lawsuit and for no other purpose.

4. Confidential documents and information may be used ~~at trial or~~ at depositions in accordance with the following safeguards.  If confidential documents and information are used in depositions ~~or at trial~~, all portions of the transcript of such depositions ~~and trial testimony~~, and exhibits thereto, that refer or relate to such confidential documents and information shall themselves be considered to be confidential and subject to this Protective Order.

5. All confidential documents and information that are filed with the Court shall be filed **pursuant to D.C.COLO.LCivR 7.2 and 7.3.** ~~under seal.  The envelopes or other appropriately sealed containers shall be endorsed with the title of this action, an indication of the nature of the contents, the word "Confidential," and a statement substantially in the following form:~~

> ~~THIS ENVELOPE IS SEALED PURSUANT TO THE ORDER OF THE COURT AND CONTAINS INFORMATION DESIGNATED "CONFIDENTIAL" IN THIS CASE.  IT IS NOT TO BE OPENED OR THE CONTENTS HEREOF TO BE DISPLAYED OR~~

~~REVEALED EXCEPT BY ORDER OF THE COURT.~~

~~6.   The envelope or container shall not be opened or released to anyone who is not a Qualified Person without further Order of the Court. The Clerk of the Court is hereby directed to maintain such confidential documents and information in a separate portion of the court files not available to the public.~~

7.   At the conclusion of this action, all confidential documents and information, and all copies thereof, shall be returned to counsel for the disclosing party or destroyed.

8.   ~~If any party contends that any document, information, or portion thereof that another party designates as confidential is not entitled to protection, that party must so notify the disclosing party in writing. The disclosing party shall serve upon such party an Affidavit or other appropriate document in support of its claim of confidentiality within ten (10) days of receipt of the notice. If the party is so advised, it may then move the Court to resolve the dispute over confidentiality. The information shall continue to be protected as confidential until further Order of the Court pursuant to a hearing.~** **A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as**

**Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.**

9. Nothing in this Protective Order will prejudice any party from seeking amendments broadening or restricting the rights of access to and use of confidential documents and information, contesting the designation of documents or information as confidential, or contesting the designation of a person as a Qualified Person.

Dated November 17, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge